IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY DAVIS, | ) |
|           Plaintiff, | ) Civil Action No. 10 - 1108 <br> ) Judge David Cercone <br> ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| SCOTT ADAMS, Duquesne Police Officer; HAROLD KLINE, Allegheny County Police Officer; STEPHEN A. ZAPPALA, JR., District Attorney and LARENCE SACHS, Assistant District Attorney, | ) |
|           Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Because Plaintiff has failed to sign an authorization which would allow the institutional account officer to deduct a partial filing fee, it is respectfully recommended that this action be dismissed without prejudice. Plaintiff should be permitted to re-file this action within the applicable statute of limitations period by paying the full filing fee of $350.00.

**II.    REPORT**

On August 23, 2010, Plaintiff, Gary Davis, an inmate confined at the State Correctional Institution at Mahanoy, located in Frackville, Pennsylvania, submitted to the court for filing a complaint and an application for leave to proceed *in forma pauperis* (ECF No. 1). On August 26, 2010, this Court granted Plaintiff 's application to proceed *in forma pauperis* and ordered him to authorize payment of the initial filing fee together with subsequent monthly installments by returning to the court within twenty days a signed AUTHORIZATION form or a signed WITHDRAWAL OF

ACTION form (ECF no. 2).[1]  After nothing was received by the Court, on January 6, 2011, this Court issued a second order for Plaintiff to file with the Clerk of Court either a signed authorization form or a signed withdrawal of action form no later than January 31, 2011 (ECF No. 4).  The Order further informed Plaintiff that his failure to respond by January 31, 2011, would result in dismissal of this case.

Plaintiff has not returned a signed notice of the withdrawal of this action.  Neither has he returned a signed authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into court.  Because the court will not direct the prison to withdraw money from the Plaintiff's institutional account and pay it into the court until the Plaintiff authorizes such withdrawal, the initial partial filing fee in this case never can be paid.

Plaintiff's refusal to comply with the Court's August 23, 2010 and January 6, 2011 Orders make it impossible for the court to comply with Congress' amendments to the law regulating the manner in which *in forma pauperis* prison litigation is to be administered.  Because the Plaintiff has not complied with this court's orders, it must be concluded that he no longer desires to maintain this action.  As a consequence, it is respectfully recommended that this action be dismissed, without prejudice.  Plaintiff should be permitted to re-file this action within the applicable statute of limitations period by paying the full filing fee of $350.00.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto.

---

[1].  The Prison Litigation Reform Act of 1996, 28 U.S.C. §1915(b) as amended April 26, 1996, requires that prisoners who cannot pay the full filing fee immediately, submit an initial partial filing fee and the balance in installment payments.

Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: March 22, 2011

Gary Davis
HK-6609
SCI Mahanoy
301 Morea Road
Frackville, PA 17932